DETERMINED IN THE

# SECOND DEPARTMENT,

AT

# GENERAL TERM,

## December, 1883.

---

PETER C. MOORE AND OTHERS, AS COMMISSIONERS OF HIGH-
WAYS OF THE TOWN OF NEW UTRECHT, APPELLANTS, *v.* THE
BROOKLYN CITY RAILROAD COMPANY, RESPONDENT.

*Construction of a railroad on a highway — commissioners of highways have no power
to compel it to keep its track there.*

The defendant, in pursuance of lawful authority, constructed and operated its
railroad from the city of Brooklyn through certain public roads in the town
of New Utrecht to its terminus therein. Its right to so construct its road was
made dependent upon its first procuring the consent of the commissioners of
highways of the town and of the abutting property owners. Both of these
consents were procured. Thereafter the company proposed to abandon a por-
tion of its route adjoining its terminus, and to construct, at its new terminus,
a track across the sidewalk to an adjoining lot owned by it, upon which it
intended to change its engines from one track to another.

In an action brought by the commissioners of highways to enjoin the defendant
from abandoning this portion of its route and from constructing the track
across the sidewalk:

*Held,* that the court properly refused to continue a temporary injunction in the
action.

That it was no part of the plaintiff's duties to compel the company to keep
their railroad upon the highway.

That if the consent of the abutting property owners was conditional they alone
could enforce the condition.

town of New Utrecht and abandoning the same, and also from laying down tracks across the public sidewalk without the consent of the highway commissioners.

The object of the company in constructing tracks across the sidewalk is to consummate the abandonment of that part of the road which lies between the terminus adjoining Fort Hamilton and a point on Stewart avenue, near Denyse street, by terminating the road on the street at that point and connecting it with the terminus which it proposes to locate on its own private property, about 200 feet beyond the fixed line of the road, where it intends to change the engines from one track to the other, and thereby avoid the necessity of running its cars to the end of the route, where the engines are now changed from one track to the other by means of a " Y " switch there located.

The defendant was organized under the general railroad law of the State for the purpose of operating street railroads within the limits of the city of Brooklyn. Shortly after its organization an act was passed (chap. 77, Laws 1854) authorizing it to extend its railroads beyond the city limits, through the towns of the county of Kings, upon any road or highway, and to regulate and grade the same for such purpose on obtaining the consent of the supervisor and commissioners of highways of the town, and of the abutting property owners. The company obtained the requisite consents and constructed its road in 1861.

*Wm. Sullivan,* for the appellants.

*Morris & Pearsall,* for the respondent.

BARNARD, P. J. :

When the commissioners gave their consent to the construction of the defendant's road in the town of New Utrecht, upon the highways, their duty was done. After that they could require the restoration of the streets to their former usefulness. It was no part of their duty, and was not within their power to make it obligatory upon the railroad company to always keep their road upon the highway. If the defendant's company take up the track and restore the road, it is all which the plaintiffs as commissioners can enforce. If the consent of the land-owners was upon a condition, they must

enforce it. The plaintiffs are limited to the rights of the public to the highway and to the enforcement of the duties of the railroad company to the highway. (Chap. 255, Laws 1855.) If the act proposed by defendants is accomplished it will discontinue a part of the railroad and entirely relieve the highway from it, and if the highway is properly restored the plaintiffs will be put back where they were before the consent was originally given. A consent to a railroad in the street with either steam or horse-power, carries with it the right to connect passenger stations or depot yards or stables with the street railroad. A bill in equity may be the proper remedy for an improper or dangerous method in carrying out the plans. A preliminary injunction should not be issued to restrain the connection on a general averment that it will be dangerous.

The commissioners have power to see that the rights of the people to the highway are preserved, and the company are to grade the road under the direction of the commissioners. (Chap. 77, Laws of 1854, § 2.)

The order dissolving the injunction should be affirmed, with costs.

DYKMAN and PRATT, JJ., concurred.

Order vacating injunction affirmed, with costs.